IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| COMMONS AT CEDAR MILL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 170126N |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | **FINAL DECISION**[1] |

This matter came before the court on Plaintiff's Renewed Motion for Summary Judgment

(Renewed Motion), filed May 11, 2018. Plaintiff initially requested oral argument on its

Renewed Motion, but Plaintiff and Defendants subsequently waived oral argument during a case

management conference held May 23, 2018, in a related case, TC-MD 180130N. Generally, a

response to a motion for summary judgment is due 20 days after the date of service. Tax Court

Rule-Magistrate Division (TCR-MD) 7 D(1). The response deadline to Plaintiff's Renewed

Motion has passed and the court has not received responses or any further communication from

Defendants. Accordingly, this matter is now ready for determination.

/ / /

/ / /

---

[1] The court entered its Decision in this case on June 28, 2018. Plaintiff timely filed its Statement for Costs and Disbursements on July 11, 2018. Neither Defendant filed a response. Plaintiff's request for costs and disbursements is addressed in section IV. This Final Decision otherwise incorporates the court's Decision without change.

## I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff filed its Complaint on April 4, 2017, challenging Defendant Washington County Assessor's (the County) notice disqualifying from low income housing special assessment properties identified as Accounts R636841 and R636869 (subject property).  Plaintiff filed a Motion for Summary Judgment (Original Motion) and Defendants filed Cross-Motions for Partial Summary Judgment (Original Cross-Motions).  An oral argument was held in the Oregon Tax Courtroom in Salem, Oregon on September 14, 2017.  The court entered an Order on January 24, 2018, denying Plaintiff's Original Motion and Defendant's Original Cross-Motions. The court's Order entered January 24, 2018, is incorporated by reference into this Decision.

A.      *Original Motions and Order Entered January 24, 2018*

Plaintiff  originally moved for summary judgment on four claims for relief in its Amended Complaint.  (Order at 4-5.)  The crux of Plaintiff's Original Motion was that the subject property never qualified for low income housing special assessment and could not, therefore, be disqualified from that special assessment program.  (*Id.* at 8.)  Plaintiff attached a Declaration of Thomas V. Clarey (Clarey), Plaintiff's manager, stating that Plaintiff did not elect to have the subject property specially assessed under ORS 308.707, nor did he or any other agent or representative of Plaintiff ever complete or submit an application for special assessment.  (*See id.* at 2.)  Clarey further declared that due diligence performed by special legal counsel prior to Plaintiff's purchase[2] of the subject property in 2007 produced none of the following records: (1) an application for special assessment under ORS 308.707; (2) an election form under ORS 308.707 to 308.712; or (3) a written notice from the County that the subject property was approved for special assessment under ORS 308.709(7).  (*Id.*)

_____

[2] The 2007 buyer was Tandem Development Corporation, Plaintiff's predecessor in interest.  (*See* Order at 2, n1.)

Defendants disagreed that the subject property was never specially assessed and attached a declaration of Joe Nelson (Nelson), Appraisal Division Manager for the County, stating that the subject property "was in special assessment for low income housing (ORS 308.701 to 308.724) from 2003 up to and including 2016." (Order at 2.) Additionally, he declared that the subject property's maximum assessed value and assessed value were each determined pursuant to ORS 308.707, and a specially assessed value was determined in 2003. (*Id.* at 2-3.)

In its Order entered January 24, 2018, the court analyzed the statutes composing the low income housing special assessment program, ORS 308.701 to 308.724,[3] and agreed with Plaintiff that a property that never qualified for low income housing special assessment could not be disqualified from low income housing special assessment. (Order at 7-13.) The court concluded that, at a minimum, a property owner must have submitted an application for low income housing special assessment under ORS 308.709 for an assessor to disqualify the property from low income housing special assessment. (*Id.* at 11.) The court found a genuine issue of material fact existed as to whether a prior owner of the subject property ever submitted an application for special assessment to the County and the application was subsequently lost. (*Id.* at 12-13.) Although Clarey's declaration established that *Plaintiff* did not apply for special assessment, Plaintiff did not own the subject property in 2003, which is the year that Nelson declared the subject property was placed into special assessment. (*Id.* at 12.) Accordingly, the court denied Plaintiff's Original Motion and Defendants' Original Cross-Motions. (*Id.* at 13.)

B.      *Plaintiff's Renewed Motion*

Plaintiff renews its Motion for Summary Judgment based on new evidence that no prior owner of the subject property ever submitted an application for low income housing special

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

assessment. With its Renewed Motion, Plaintiff attached a Declaration of Walter Grodahl (Grodahl), the CEO of GSL Properties, Inc. (GSL). (Grodahl Decl at ¶1.) From 1995 to 2007, GSL co-owned the subject property and was the managing partner of the subject property, meaning it was responsible for "submitting filings to any governmental agency regarding any matter related to the Subject Property." (*Id.* at ¶¶4-5, 10-11.) Grodahl declared that GSL never submitted a low income housing special assessment application to the County for the subject property, nor did GSL receive written notification from the County regarding any application for low income housing special assessment for the subject property. (*Id.* at ¶¶12-13.)

## II. ANALYSIS

Plaintiff asks the court to "rule that the County's purported notice of disqualification is defective as a matter of law because the Subject Property never qualified for special assessment" and that "the County had no authority to re-determine the Subject Property's MAV or impose penalties and interest under OAR 150-308-0730." (Ptf's Renewed Mot at 1-2.)

The court will grant a motion for summary judgment

> "if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment. The adverse party has the burden of producing evidence on any issue raised in the motions as to which the adverse party would have the burden of persuasion at trial."

Tax Court Rule (TCR) 47 C.[4] Except for expert opinions, "affidavits or declarations must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and

---

[4] TCR 47 is made applicable through the preface to the rules of the Magistrate Division, which states that "[i]f circumstances arise that are not covered by a Magistrate Division rule, the rules of the Regular Division may be used as a guide to the extent relevant."

must show affirmatively that the affiant or declarant is competent to testify to the matters stated therein." TCR 47 D.

In tax court proceedings, "a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief and the burden of going forward with the evidence shall shift as in other civil litigation." ORS 305.427. The Oregon Supreme Court has explained, in the context of valuation for property taxation, "the plaintiff has the initial burden in the tax court of producing evidence which, if unrebutted, would establish a valuation different from that found by the Department." *Borden, Inc. v. Dept. of Rev.*, 286 Or 567, 576, 595 P2d 1372 (1979).

Grodahl's declaration establishes that he had personal knowledge of any filings with the County or other government agency concerning the subject property between 1995 and 2007. GSL, of which Grodahl is the CEO, was the managing partner responsible for such filings during that time period. Grodahl declared under penalty of perjury that GSL did not submit an application for low income housing special assessment for the subject property. Defendant offered no evidence to rebut Grodahl's statement. Accordingly, the court is persuaded that, more likely than not, no application for low income housing special assessment was ever submitted for the subject property. Based on the court's reasoning set forth in its Order, that evidence is sufficient to grant Plaintiff's Renewed Motion. Because no application for special assessment was ever submitted to the County, the subject property never qualified for low income housing special assessment and may not, therefore, be disqualified from special assessment. The County's notice purporting to disqualify the subject property from low income housing special assessment is invalid.

/ / /

### III.  CONCLUSION

Upon careful consideration, the court concludes that no application for low income housing special assessment was ever submitted to the County for the subject property.  As a result, the subject property never qualified for special assessment and may not, therefore, be disqualified from special assessment.

### IV. COSTS AND DISBURSEMENTS

Plaintiff filed a statement of costs and disbursements seeking an award of $252, the amount of the filing fee.  Pursuant to Tax Court Rule-Magistrate Division 16, the court may award costs and disbursements to the prevailing party in an appeal.  There is no question that Plaintiff is the prevailing party, and Defendants have not objected to Plaintiff's request.  Accordingly, the court finds that an award of costs and disbursements is appropriate in this case.  Plaintiff is awarded costs and disbursements in the amount of $252.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Renewed Motion for Summary Judgment is granted.

IT IS FURTHER DECIDED that Plaintiff is awarded costs and disbursements in the amount of $252.

Dated this \_\_\_ day of July 2018.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by **mailing** to: 1163 State Street, Salem, OR 97301-2563; or by **hand delivery** to: Fourth Floor, 1241 State Street, Salem, OR. Your complaint must be submitted within **60** days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*
*This document was signed by Magistrate Allison R. Boomer and entered on July 31, 2018.*